# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:10-cr-00596-GMN-GWF |
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| PAUL WOMMER, | ) | |
| | ) | Motion to Dismiss Count Four of the |
| Defendant. | ) | Superceding Indictment (#45) |
| _____ | ) | |

This matter comes before the Court on Defendant's Motion to Dismiss Count Four of the Superceding Indictment (#45), filed on November 4, 2011.  The government filed no response to this motion.

## BACKGROUND

On December 14, 2010, the Defendant was charged in a fourteen-count Indictment, alleging Structuring Financial Transactions in violation of 31 U.S.C. §§5324(a)(1), (a)(3), (d)(1) and (d)(2) and Aiding and Abetting in violation of 18 U.S.C. § 2.  On June 29, 2011, Defendant filed a Motion to Dismiss (#15), arguing that the Indictment should be dismissed for failure to state a cause of action or, in the alternative, as multiplicitous as to Counts II through VIX.  The Court conducted a hearing and issued a Report and Recommendation granting Defendant's motion as to Counts I through XIII of the Indictment.  The Court further granted the government leave to file an amended Indictment.

On September 20, 2011, the government filed a Superceding Indictment (#30), charging Defendant with three counts of Structuring Financial Transactions in violation of 26 U.S.C. §7201, one count of Tax Evasion in violation of 26 U.S.C. §7201, and one count of Making or Subscribing

a False Return, Statement, or Other Document in violation of 26 U.S.C. § 7206(1).  Defendant now brings this motion requesting the Court dismiss Count Four of the Superceding Indictment (#30), which charges Defendant with Tax Evasion in violation of 26 U.S.C. § 7201.  The Government has not filed a response to the motion.

## DISCUSSION

Defendant moves for dismissal of Count Four of the Indictment arguing that no tax deficiency is alleged, and none exists, to support the charge of Tax Evasion.  Defendant contends that the indictment only alleges his failure to pay "$13,020.20 in interest and penalties," and because interest and penalties are not actual taxes, the indictment fails to allege an element of the crime.  The elements of tax evasion under 26 U.S.C. § 7201 are: "(1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007); *see also Sansone v. United States*, 380 U.S. 343, 351 (1965).  "A tax deficiency occurs when a defendant owes more federal income tax for the applicable tax year than was declared due on the defendant's income tax return." *Id.*; *see also*, 9th Cir. Crim. Jury Instr. 9.35 (2005).

While the Ninth Circuit has not addressed this specific issue, the Fifth Circuit addressed it in *United States v. Wright*, 211 F.3d 233 (5th Cir. 2000).   In *Wright*, the defendant argued that his conviction for tax evasion under 26 U.S.C. § 7201 was improper because he only owed interest and penalties, but no actual tax. *Id.* at 236.  In analyzing the defendant's argument, the court reasoned,

> The Supreme Court has held that the elements of Internal Revenue Code ("I.R.C.") § 7201, the provision criminalizing the evasion of taxes, include the existence of a "tax deficiency." *See Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). While § 7201 does not describe "tax deficiency," it is defined elsewhere in the IRC as the amount by which the tax exceeds the tax reported on the return plus the amounts previously assessed as a tax deficiency. See I.R.C. § 6211.  The IRC specifically excludes interest from being treated as tax for purposes of deficiency procedures. See § 6601(e).  The Sentencing Guidelines also exclude interest and penalties in assessing the penalty for tax evasion. *See U.S. Sentencing Guidelines Manual,* § 2T1.1 & App. Notes; *United States v. Clements*, 73 F.3d 1330, 1339 (5th Cir.1996).
>
> Although the deficiency procedures are separate from the criminal liability provisions, we are persuaded that the definition of "tax liability" excluding penalties and interest extends to §7201. We

> decline to assume a broader meaning for a "tax deficiency" under § 7201 than under a deficiency preceding provision, especially when §7201 attaches criminal liability to the debt owed.

211 F.3d at 236.

The Fifth Circuit's analysis is persuasive. There is no evidence before the Court that an actual tax deficiency exists. The Superceding Indictment (#30) alleges that the Defendant

> ...did willfully attempt to evade and defeat the payment of a part of the income tax due and owing him to the Untied States of America for the calendar year 2007, in the amount of $13,020.20 in interest and penalties...

In 2007, the Defendant's income tax return indicated a tax liability of $28,339.00. By February 1, 2010, Defendant had satisfied that tax liability in full; however over the course of payment, the IRS assessed an additional $19,000.00 in interest and penalties. Defendant disputed the penalties and interest, but the IRS refused to waive them. Defendant's 2008 and 2009 tax returns entitled him to a tax refund. Those refunds however were applied directly to the penalties and interest assessed. Defendant's remaining balance is $13,020.20, as forth in the Superceding Indictment.

Count Four of the Superceding Indictment alleges Defendant owes interest and penalties, but fails to allege any taxes owed. For the purposes of §7201, interest and penalties are not considered tax. The Superceding Indictment therefore fails to allege a tax deficiency, which is a necessary element. *See United States v. Lawn*, 355 U.S. 339, 360 (1958) ("A conviction upon a charge of attempting to evade assessment of income taxes by the filing of a fraudulent return cannot stand in the absence of proof of a deficiency.") Count Four of the Superceding should therefore be dismissed.

The Government's failure to respond to Defendant's motion also supports the granting of the motion. Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Paul Wommer's Motion to Dismiss Count Four of the Superceding Indictment (#45) be **granted**.

. . .

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of December, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge