UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | Case No. 2:10-cr-00596-GMN-GWF |
| vs. )<br>) | **FINDINGS &**<br>**RECOMMENDATIONS** |
| PAUL WOMMER, )<br>)<br>Defendant. )<br>_____ ) | **Motion to Dismiss Count Four of**<br>**Superceding Indictment (#45)** |

This matter is before the Court on Defendant's Motion to Dismiss Count Four of the Superceding Indictment (#45), filed on November 4, 2011 and the Government's Response to the Defendant's Motion to Dismiss (#51), filed on December 23, 2011. The Court conducted a hearing in this matter on February 7, 2012.[1]

## BACKGROUND

The Superceding Indictment (#30), filed in this case on September 20, 2011, charges Defendant Paul Wommer with two counts of Structuring Financial Transactions in violation of 31 U.S.C. §§ 5324(a)(3), (d)(1) and (d)(2) (Counts One and Two), and one count of Structuring Financial Transactions in violation of 31 U.S.C. §§ 5324(a)(1), (d)(1) and (d)(2) (Count Three). Defendant is charged in Count Four with Tax Evasion in violation of 26 U.S.C. §7201 and in Count Five with making or subscribing a False Return, Statement Other Document in violation of 26 U.S.C. §7206(1). For purposes of Defendant's Motion to Dismiss Count Four of the

---

[1] The Court issued its *Report and Recommendation (#49)* on December 9, 2011 recommending that Defendant's motion to dismiss be granted based, in part, on the Government's failure to file a response. The parties subsequently informed the Court that they had agreed to an extension of time for the Government to respond to the motion. The Court therefore withdrew the Report and Recommendation. *See Order (#55),* filed on January 4, 2012.

Superceding Indictment, only, the following factual allegations are not disputed:

In late 2009 or early 2010, an Internal Revenue Service (IRS) officer informed Defendant Paul Wommer that he had not filed personal income tax returns or corporate income tax returns for his law practice for the years 2007 through 2008. Mr. Wommer promptly had his accountant prepare his personal and corporate income tax returns for the subject years. Mr. Wommer's 2007 personal income tax return resulted in an assessment of $28,000 in tax due and owing to the Treasury. The IRS assessed approximately $17,000 in interest and penalties on that 2007 tax liability. Mr. Wommer paid the $28,000 owed in taxes, but refused to pay the interest and penalties. Mr. Wommer's 2008 tax returns resulted in a refund of $2,500 to $3,000. Mr. Wommer was also entitled to a refund of $1,000 to $1,500 on his 2009 income tax returns. The IRS applied these refunds to the unpaid interest and penalties on Mr. Wommer's 2007 taxes. This left a balance of $13,020.20 in interest and penalties still owing. Mr. Wommer applied for a waiver of the interest and penalties. His request for a waiver was denied by the IRS and he filed an administrative appeal which was still pending in June-August 2010. *See Government's Response to Defendant's First Motion to Dismiss (#21), Exhibit B,* "Memorandum of Interview."

Mr. Wommer allegedly met with an IRS Revenue Agent on June 29, 2010. During that meeting Mr. Wommer answered questions regarding his financial condition. Mr. Wommer allegedly signed an IRS Form 433-A, under penalty of perjury, stating that he only had $1,000 in his bank account. The Government alleges that Mr. Wommer, in fact, had $50,000 in his bank account on that date. Mr. Wommer's signature on IRS Form 433-A provides the basis for Count Five of the Superceding Indictment. *See Government's Response to Defendant's Motion to Dismiss Count Five of the Indictment (#56)*, pg. 3. The Government further alleges that beginning on June 30, 2010, Mr. Wommer began making a series of withdrawals in amounts of less than $10,000 from his personal and business bank accounts. Mr. Wommer deposited most of the withdrawn funds into the personal bank account of his legal assistant. The deposits were also in amounts of less than $10,000. The Government alleges that Mr. Wommer structured these withdrawals and deposits in an attempt to evade the currency transaction reporting requirements of 31 U.S.C. § 5313(a) and to conceal his assets from the IRS and others.

**DISCUSSION**

Count Four of the Superceding Indictment alleges as follows:

> On or about between June 29, 2010 and July 15, 2010 ... defendant herein, did willfully attempt to evade and defeat the payment of a part of the income tax due and owing by him to the United States of America for the calendar year 2007, in the amount of $13,020.20 in interest and penalties, by concealing and attempting to conceal from the Internal Revenue Service the nature and extent of his assets and the location thereof; making false statements to agents of the Internal Revenue; placing funds and property in the names of nominees; and placing funds and property beyond the reach of process. All in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.

*Superceding Indictment (#30)*, pg. 4.

Section 7201 of Title 26 of the United States Code provides as follows:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony . . . .

The statute covers two types of tax evasion. It includes the offense of willfully attempting to evade or defeat the assessment of a tax, as well as the offense of willfully attempting to evade or defeat the payment of a tax. *Sansone v. United States*, 380 U.S. 343, 354, 85 S.Ct. 1004, 1011 (1965). The Supreme Court stated that the elements of a charge of tax evasion under §7201 are willfulness, the existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion. *Sansone*, 380 U.S. at 350, 85 S.Ct. at 1010, citing *Lawn v. United States*, 355 U.S. 339, 361, 78 S.Ct. 311, 323 (1958) and *Spies v. United States*, 317 U.S. 492, 496, 63 S.Ct. 364, 366 (1943).

The Eighth Circuit, in *United States v. Schoppert*, 362 F.3d 451 (8th Cir. 2004), has further explained the meaning of "tax deficiency," as used by the courts in regard to § 7201:

> While § 7201 does not itself describe what a "deficiency" is (indeed, it does not even mention the word), the term is defined elsewhere in the Internal Revenue Code. The provision of the Code entitled "Definition of a deficiency," *see* 26 U.S.C. § 6211, provides in part: "For purposes of [Title 26] in the case of income ... taxes ... the term 'deficiency' means the amount by which the tax imposed ... exceeds ... the amount shown as the tax by the taxpayer upon his return." Thus, "there is no 'deficiency,' in the tax code sense, where a taxpayer reports on his return that he owes an amount, but simply fails to remit such amount to the IRS." *Perez v. United States,* 312

1
2
    F.3d 191, 197 (5th Cir.2002) (per curiam) (internal quotations omitted).

    The Internal Revenue Code's definition is expressly applicable to Title 26 in cases involving income tax, and Title 26 includes the offense of tax evasion under § 7201. But, as we have already noted, § 7201 does not itself include the term "deficiency"; the term is only at issue here because judges have used it as a way of explaining the requirements of the statute. *It is not self-evident to us that, in describing the offense of tax evasion by using this word, courts were attempting to invoke the technical definition of the term provided in the tax code.*

    The government in fact maintains that the "tax deficiency" element of § 7201 does not require a showing that there is a deficiency in the technical sense, but rather is judicial shorthand signifying the requirement that there must be "tax due and owing." In the government's view, a deficiency would arise where a person reports the proper amount of tax on his return, but subsequently willfully fails to pay that amount. We must determine whether the tax deficiency element of § 7201 may be satisfied only by the existence of a deficiency in the narrow, technical sense.

*Id.* 362 F.3d at 454-5. (Emphasis added).

  *Schoppert* noted that prior Eighth Circuit decisions had held that the government must prove that the taxpayer had unreported income. Those cases, however, all involved the evasion of an income tax assessment. *Id.* at 455. The court further noted that in *United States v. Silkman,* 156 F.3d 833 (8th Cir. 1998), it generally explained the concept of a tax deficiency as it relates to both evasion of assessment and evasion of payment as follows:

    Section 7201 is broadly worded, reflecting the fact that willful tax evasion can occur at any stage of the IRS's complex process for determining, assessing, and collecting federal taxes. But whether a taxpayer is charged with tax evasion by willfully attempting to defeat the IRS's ascertainment of his tax liability, or by willfully attempting to evade the payment of a tax, the government must prove that the tax was in fact "imposed by this title," *in other words, a tax deficiency.* Conversely, a taxpayer-defendant has a right to establish as a defense that he owed no tax in addition to what he had paid.

    *Id.* at 835 (emphasis added) (internal citations omitted). Later in the opinion, we described proof of the "deficiency" element as proof "that taxes were in fact owed." Id.

*Id.* at 455.

. . .

1 *Schoppert* then states:

2 "The starting point in any question of statutory interpretation is the language of the statute itself." *United States v. Milk,* 281 F.3d 762, 766 (8th Cir.2002). Section 7201 plainly establishes a violation if anyone "willfully attempts in any manner" to evade a tax or its payment. 26 U.S.C. § 7201. Evading the assessment of an income tax can be accomplished only through a course of action that includes underreporting of income, and thus requiring the existence of unreported taxable income for this species of § 7201 offense is consistent with the statutory language. Evading the payment of an income tax, however, can be accomplished even when a taxpayer reports all taxable income on his return.

We think that our discussion in *Silkman* correctly described § 7201's deficiency element in a generic way that is applicable to both evasion-of-assessment and evasion-of-payment cases: the taxes evaded must have been imposed by the Internal Revenue Code and owed by the taxpayer. Similarly, the Third Circuit has described the deficiency element of § 7201 as "tax due and owing," *United States v. McGill,* 964 F.2d 222, 229 (3d Cir.1992), *cert. denied,* 506 U.S. 1023, 113 S.Ct. 664, 121 L.Ed.2d 588 (1992), and "equivalent to a failure to pay a tax," *id.* at 240, and the Ninth Circuit has described the element as "an unpaid tax," *United States v. DeTar,* 832 F.2d 1110, 1113 (9th Cir.1987). Any more restrictive interpretation of this element of § 7201 would not square with the clear language of the statute, which under no reasonable reading suggests that the existence of unreported taxable income is required for the government to succeed in a case charging a defendant with evading the payment of a tax.

Based on the unambiguous language of § 7201, we thus conclude that our previous statements in cases involving the evasion of a tax assessment requiring the existence of unreported taxable income are not at home in the instant case. In *United States v. Hook,* 781 F.2d 1166, 1168 (6th Cir.1986), *cert. denied,* 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986), the Sixth Circuit affirmed a conviction under § 7201 for evasion of tax payments where, *inter alia,* the defendant "filed timely and accurate tax returns with the IRS for the 1975 through 1980 tax years showing a total of almost $300,000 in taxes due, but paid only a few thousand dollars in satisfaction of this liability." And the Seventh Circuit, in *United States v. Conley,* 826 F.2d 551 (7th Cir.1987), also affirmed a conviction under § 7201 for willfully attempting to evade the payment of income taxes, citing *Hook* for the proposition that "the filing of accurate returns does not exonerate the defendant's attempts to then evade the actual payment of his taxes by concealing his assets." *Id.* at 558. Consistent with these cases, we conclude that Mr. Schoppert's filing of accurate returns did not preclude his prosecution under § 7201 for his subsequent willful acts of attempting to evade payment of the taxes that he computed on those returns.

*Id.* 362 F.3d at 455-6.

. . .

The Superceding Indictment in this case charges Mr. Wommer with tax evasion by attempting to evade or defeat *payment* of the $13,020.20 in interest and penalties that were assessed on his 2007 income tax obligation. Defendant argues that Count Four must be dismissed because interest and penalties do not constitute "tax" within the meaning of 26 U.S.C. § 7201. Defendant relies on the Fifth Circuit decision in *United States v. Wright*, 211 F.3d 233 (5th Cir. 2000).

The charges against the defendant taxpayer in *United States v. Wright* stemmed from tax deficiencies owed by him for 1986, 1987 and 1988. Through seizures and voluntary payments, the defendant eventually paid $490,000 toward his tax liability of $419,000, not including penalties and interest. The defendant, however, attempted to evade the payment of his remaining tax obligation by concealing his assets.[2] The Fifth Circuit noted that the defendants raised several legal challenges to their convictions:

> First, they claim that the convictions are improper because Franklin had no underlying tax deficiency. Franklin contends that he owed only interest and penalties and could not be prosecuted for evasion if no tax was owed.
>
> The Supreme Court has held that the elements of Internal Revenue Code ("I.R.C.") § 7201, the provision criminalizing the evasion of taxes, include the existence of a "tax deficiency." [*Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).] While § 7201 does not describe "tax deficiency," it is defined elsewhere in the IRC as the amount by which the tax exceeds the tax reported on the return plus the amounts previously assessed as a tax deficiency. [I.R.C. § 6211.] The IRC specifically excludes interest from being treated as tax for purposes of deficiency procedures. [§ 6601(e).] The Sentencing Guidelines also exclude interest and penalties in assessing the penalty for tax evasion. [U.S. SENTENCING GUIDELINES MANUAL § 2T1.1 & App. Notes; *United States v. Clements,* 73 F.3d 1330, 1339 (5th Cir.1996).
>
> Although the deficiency procedures are separate from the criminal liability provisions, we are persuaded that the definition of "tax liability" excluding penalties and interest extends to § 7201. We decline to assume a broader meaning for a "tax deficiency" under § 7201 than under the deficiency proceedings provision, especially when § 7201 attaches criminal liability to the debt owed. The Guidelines merely confirm our conclusion.

*United States v. Wright*, 211 F.3d at 236.

---

[2] The taxpayer's wife and attorney were also charged with conspiring with the taxpayer to evade the payment of his taxes.

The court found, however, that the defendant still owed some "taxes," besides interest and penalties, during the period that he attempted to conceal his assets from the IRS. The court therefore affirmed his conviction under 26 U.S.C. §7201.

The Government argues that *Wright's* statement that a conviction under 26 U.S.C. §7201 will not lie for the attempt to evade the payment of interest and penalties, alone, is mere *dicta* and is erroneous.[3] *Wright* has not been discussed by any other court in regard to this issue. Nor does there appear to be any other reported federal decision that independently addresses this question. In arguing that interest and penalties should be considered "tax" within the meaning of §7201, the Government relies on other provisions in Title 26 of the United States Code which include interest or penalties within the meaning of "tax."

26 U.S.C. § 6665(a) provides as follows:

> Except as otherwise provided in this title–
>
> (1) the additions to the tax, additional amounts, and penalties provided in this chapter [26 U.S.C. §§ 6651 et seq.] shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes; and
>
> (2) any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to tax, additional amounts, and penalties provided by this chapter [26 U.S.C. §§ 6651 et seq.].

26 U.S.C. § 6671(a), in Subchapter B, dealing with "Assessable Penalties," states:

> The penalties and liabilities provided by this subchapter [26 U.S.C. §§ 6671 et seq.] shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed to also refer to the penalties and liabilities provided by this subchapter [26 U.S.C. §§ 6671 et seq.].

. . .

. . .

---

[3] *Obiter dictum* is a "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive)." *Black's Law Dictionary* 1177 (9th ed. 2004)  *See also Best Life Assurance Co. of Calif. v. C.I.R.*, 281 F.3d 828, 833-4 (9th Cir. 2002).

1   26 U.S.C. § 6601(e) similarly states:

2   Except as otherwise provided in this title–

3   (1) Interest prescribed under this section on any tax shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes.  Any reference in this title (except subchapter B of chapter 63 [26 U.S.C. §§ 6211 et seq.], relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

7   The Government also cites *United States v. Pollen*, 978 F.2d 78 (3rd Cir. 1992) to refute *Wright's* citation of the Sentencing Guidelines as confirmation of its conclusion that a prosecution under 26 U.S.C. §7201 cannot be based on defendant's attempt to evade only the payment of interest and penalties.  In this regard, *Pollen* also states in *dicta* as follows:

We pause to accept the Sentencing Commission's longstanding invitation to express our view on the efficacy and propriety of particular Guidelines. *See, e.g., United States v. Parson,* 955 F.2d 858, 874 (3d Cir.1992). Guideline section 2T1.1, Application Note 2, provides that for the purposes of imposing sentence for violations of section 7201, the tax loss considered cannot include interest or penalties. *See* U.S.S.G. § 2T1.1. While such a limitation may be appropriate in an evasion of assessment case, it is not always so when imposing sentence for tax evasion committed through the evasion of payment.

Pollen's actions aptly illustrate this point: his repeated attempts to conceal assets were intended to evade the payment of his total debt of over $3,000,000. The Guidelines' requirement that his sentence be calculated based on only his evasion of the $488,000 in raw taxes owed, and not also on his evasion of the payment of interest and penalties, fails to reflect accurately the criminal behavior involved in this type of evasion of payment of taxes offense.

*Pollen*, 978 F.2d at 91.

The Sentencing Guidelines have since been amended consistent with the suggestion made in *Pollen*.  §2T1.1.(c)(1) of the 2009 and 2010 Sentencing Guidelines states as follows:

For purposes of this guideline–

(1)   If the offense involved tax evasion or a fraudulent or false return, statement, or other document, the tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed).

. . .

Application Note 1 to §2T1.1. now states:

> *"Tax loss" is defined in subsection (c). The tax loss does not include interest or penalties, except in willful evasion of payment cases under 26 U.S.C. §7201 and willful failure to pay cases under §7203.*

In this Court's view, the Government's interpretation appears to be more consistent with the broad wording of 26 U.S.C. § 7201 than does the decision *United States v. Wright*. In holding that a prosecution under § 7201 cannot be based on the evasion of the payment of interest and penalties, *Wright* appeared to adopt the technical meaning of "tax deficiency" used in 26 U.S.C.§ 6211. The court did not consider the other provision of the Code which generally include interest and penalties within the meaning of "tax." As *United States v. Schoppert* states, the courts in tax evasion cases have not used the term "tax deficiency" in its technical sense as defined in 26 U.S.C.§ 6211. For purposes of § 7201, that term ultimately means that the defendant attempted to evade a tax that he or she lawfully owed.

A taxpayer who willfully evades the payment of tax that he or she correctly and properly reported is subject to prosecution under § 7201. Sections 6665(a), 6671(a) and 6601(e) of the Internal Revenue Code all state or indicate that interest and penalties are generally included in word "tax" as used in Title 26, with the exception of the deficiency proceedings under §6211. Under the present Sentencing Guidelines, the interest and penalties owed by the defendant may be considered in determining his or her sentence for willful evasion of the payment of tax. This Court therefore does not see the rationale, under the language of § 7201, for holding that a taxpayer who has paid the tax, but who then willfully evades payment of interest and penalties assessed on that tax, is not subject to prosecution under the statute.

## **CONCLUSION**

This case obviously presents an issue of law that would benefit from further appellate court clarification. This Court concludes, however, that a prosecution under 26 U.S.C. §7201 may be based on the Defendant's willful attempt to evade or defeat the payment of interest and penalties on income taxes assessed against the taxpayer. Accordingly,

. . .

. . .

9

**RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Count Four of the Superceding Indictment (#45) be **denied.**

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of February, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge