UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:10-cr-00596-GMN-GWF |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| PAUL WOMMER, | ) | |
| Defendant. | ) | **Motion to Dismiss Count Five of the Superceding Indictment (#54)** |

This matter comes before the Court on Defendant's Motion to Dismiss Count Five of the Superceding Indictment (#54), filed on January 3, 2012, and Government's Response to Defendant's Motion to Dismiss Count Five of the Superceding Indictment (#56), filed on January 20, 2012.  A hearing on this matter was conducted on February 7, 2012.

## BACKGROUND

The Superceding Indictment (#30), filed in this case on September 20, 2011, charges Defendant Paul Wommer with two counts of Structuring Financial Transactions in violation of 31 U.S.C. §§ 5324(a)(3), (d)(1) and (d)(2) (Counts One and Two), and one count of Structuring Financial Transactions in violation of 31 U.S.C. §§ 5324(a)(1), (d)(1) and (d)(2) (Count Three). Defendant is charged in Count Four with Tax Evasion in violation of 26 U.S.C. §7201 and in Count Five with making or subscribing a False Return, Statement Other Document in violation of 26 U.S.C. §7206(1).  For purposes of Defendant's Motion to Dismiss Count Four of the Superceding Indictment, only, the following factual allegations are not disputed:

In late 2009 or early 2010, an Internal Revenue Service (IRS) officer informed Defendant Paul Wommer that he had not filed personal income tax returns or corporate income tax returns for

his law practice for the years 2007 through 2008. Mr. Wommer promptly had his accountant prepare his personal and corporate income tax returns for the subject years. Mr. Wommer's 2007 personal income tax return resulted in an assessment of $28,000 in tax due and owing to the Treasury. The IRS assessed approximately $17,000 in interest and penalties on that 2007 tax liability. Mr. Wommer paid the $28,000 owed in taxes, but refused to pay the interest and penalties. Mr. Wommer's 2008 tax returns resulted in a refund of $2,500 to $3,000. Mr. Wommer was also entitled to a refund of $1,000 to $1,500 on his 2009 income tax returns. The IRS applied these refunds to the unpaid interest and penalties on Mr. Wommer's 2007 taxes. This left a balance of $13,020.20 in interest and penalties still owing. Mr. Wommer applied for a waiver of the interest and penalties. His request for a waiver was denied by the IRS and he filed an administrative appeal which was still pending in June-August 2010. *See Government's Response to Defendant's First Motion to Dismiss (#21), Exhibit B,* "Memorandum of Interview."

Mr. Wommer allegedly met with an IRS Revenue Agent on June 29, 2010. During that meeting Mr. Wommer answered questions regarding his financial condition. Mr. Wommer allegedly signed an IRS Form 433-A, under penalty of perjury, stating that he only had $1,000 in his bank account. The Government alleges that Mr. Wommer, in fact, had $50,000 in his bank account on that date. Mr. Wommer's signature on IRS Form 433-A provides the basis for Count Five of the Superceding Indictment. *See Government's Response to Defendant's Motion to Dismiss Count Five of the Indictment (#56)*, pg. 3. The Government further alleges that beginning on June 30, 2010, Mr. Wommer began making a series of withdrawals in amounts of less than $10,000 from his personal and business bank accounts. Mr. Wommer deposited most of the withdrawn funds into the personal bank account of his legal assistant. The deposits were also in amounts of less than $10,000. The Government alleges that Mr. Wommer structured these withdrawals and deposits in an attempt to evade the currency transaction reporting requirements of 31 U.S.C. § 5313(a) and to conceal his assets from the IRS and others.

. . .

. . .

. . .

**DISCUSSION**

Count Five of the Superceding Indictment reads in pertinent part:

> [Defendant] did willfully make and subscribe an IRS Form 433-A, which was verified by a written declaration that it was made under the penalties of perjury and which defendant did not believe to be true and correct as to every material matter. That Form 433-A, which was filed with the Internal Revenue Service, at Las Vegas, NV stated that defendant had only $1,000.00 in his bank account, whereas, defendant then and there knew and believed, that he had substantially in excess of $1,000.00 in his bank accounts. All in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. §2.

*Superceding Indictment (#30)*, page 4.

Section 7206 of Title 26 of the United States Code provides as follows:

> Any person who –
>
> (1) Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;
>
> Shall be guilty of a felony...

The elements of a violation of 26 U.S.C. § 7206(1) are: "(1) the defendant made and subscribed a return, statement, or other document that was incorrect as to a material matter; (2) the return, statement, or other document subscribed by the defendant contained a written declaration that it was made under the penalties of perjury; (3) the defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law." *United States v. Scholl*, 166 F.3d 964, 979 -980 (9th Cir. 1999).

Defendant relies on *United States v. Levy*, 533 F.2d 969 (5th Cir. 1976), in arguing that an IRS Form 433-A, which was not required by statute or regulation, is not a "statement, or other document" within the meaning of 26 U.S.C. 7206(1) and, therefore cannot be the basis of an offense under § 7206(1). In *Levy*, the appellant, a lawyer, was convicted of violating § 7206(1) by "signing and delivering an allegedly false Form 433-AB when approached by an internal revenue officer about taxes which Levy admittedly owed but which he claimed he was unable to pay." *Id*. at . . .

1  970.  The Fifth Circuit was presented with the question of whether Form 433-AB is a "statement or

2  other document" within the contemplation of the §7206(1).  *Id.* at 970.  The court reasoned that,

> Under the law uniformly applicable to perjury prosecutions, of whatever kind, the authority of the Internal Revenue Officer to require Levy to respond to Form 433-AB was an indispensable first step on the road to a felony prosecution, and conviction. In neither § 7206(1) nor in any duly promulgated regulation are we able to discern such authority with the clarity required to establish a criminal offense.
>
> We are of the opinion that Congress intended the criminal sanctions imposed by § 7206(1) to apply to any statement or document required by the Internal Revenue Code or by any regulation lawfully promulgated for the enforcement of the Code.
>
> We do not believe that Congress intended a conviction of felony to be founded upon any and all forms which any revenue agent, officer, or employee, in his own discretion, might choose ad hoc to use in the interrogation of a taxpayer. Due process requires that the taxpayer have notice, by statute or by appropriate regulation duly promulgated thereunder, of the uses to which forms may be put before he may be prosecuted for a felony in connection therewith. We glean from the record that the Internal Revenue Service has used Form 433-AB for many years, but without validating its use with an appropriate regulation.
>
> Therefore, we do not believe that the conviction of Levy for a felony in connection with Form 433-AB can stand.

*Id.* at 974-75.

   *Levy* was decided in 1976 and although it has not been overruled, other circuit have rejected *Levy*'s holding and found that a statement made on an IRS form, which is not expressly authorized by statue or regulation, may provide a basis for prosecution under § 7206(1). In *United States v, Holroyd*, 732 F. 2d 1122 (2d Cir. 1984), the defendant allegedly signed and filed two false statements – Form 433-AB and Form 433-A . The district court dismissed the indictment pursuant to *Levy*, finding that Form 433-AB was not a required form under the statute. On appeal, however the Second Circuit found that "*Levy* erroneously narrowed the purview of § 7206(1)" and instead held that an offense based on an alleged false statement on Form 433- AB may be the subject of prosecution under § 7206(1). *Holroyd* found that the plain language of the statute was clear and reasoned that if Congress intended §7206(1) to apply only to statements expressly adopted and approved by internal revenue regulations, they would have included that limitation in the language

4

of the statute as they did in 26 U.S.C. §6065 and 26 U.S.C. §7206(3).[1] *Id.* at 1125-26.  The court therefore "conclude[d] that 26 U.S.C. § 7206(1) means what it says on its face.  It applies to any verified return, statement or other document submitted to the IRS." *Id.* at 1128.

Other circuit courts have also declined to follow *Levy*'s rationale.  In *United States v. Pansier*, 576 F.3d 726 (7th Cir. 2009), the Seventh Circuit rejected the argument that a form not required by statute or regulation cannot be the basis of an offense under §7206(1), stating that "[s]ection 7206(1) is a perjury statute, *United States v. Scholl*, 166 F.3d 964, 980 (9th Cir.1999), and therefore requires only that the taxpayer file a return which he does not believe to be true and correct as to every material matter, ... " *Id.* at 735.  In *United States v. Franks,* 723 F.2d 1482 (10th Cir. 1983), the Tenth Circuit, rejected *Levy's* rationale, finding that under §7206(1), it was enough that the defendant provided a false answer to a direct question in their 1974 tax return.  Further, subsequent decisions in the Fifth Circuit have limited *Levy*'s application.  *See United States v. Damon*, 676 F.2d 1060, 1063-64 (5th Cir. 1982) (allowing §7206(2) prosecution for filing false Schedule Cs) and *United States v. Taylor*, 574 F.2d 232, 237 (5th Cir. 1978) (allowing prosecution under §7206(1) for filing a false Form 1040).

The Court finds the reasoning of *Levy* unpersuasive and therefore follows the reasoning of *Holroyd* and the subsequent line of cases, which hold that a statement made on an IRS form, which is not expressly authorized by statue or regulation, may provide a basis for prosecution under § 7206(1).  Form 433-A is an IRS form that contains an express certification, directly above the signature line, that the individual is making the statement under penalties of perjury.  The Court therefore finds that Form 433-A is a statement contemplated by §7206(1) and therefore can be the basis of prosecution.

Defendant further argues that Count Five should be dismissed because there was no material misstatement as to Defendant's tax liability.  Defendant contends that because "penalties

---

[1] 26 U.S.C. §6605 requires verification of  "any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations ...." 26 U.S.C. §7206(3)  makes it a crime to simulate or falsely or fraudulently execute or sign "any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof ...."

and interest are not a 'tax liability,' there is no 'material matter' upon which a false statement can be linked to." The Court finds this argument without merit. First, whether there was an actual tax deficiency is irrelevant under §7206(1) because the statute is a perjury statute. *See United States v. Marashi*, 913 F.2d 724, 736 (9th Cir.1990). Furthermore, materiality is an issue for the jury, not the Court, to decide. *See Neder v. United States*, 527 U.S. 1,8 (1999) ("Government [does] not dispute that the District Court erred under *Gaudin* in deciding the materiality element of a §7206(1) offense itself, rather than submitting the issue to the jury.").

Finally, Defendant argues that he made a misleading, but literally true statement and therefore cannot be subject to perjury. Defendant claims that he "told the revenue officer that there were funds in his account, but he didn't know the exact balance of each account, " so he provided estimates of the total. *Defendant's Motion to Dismiss Count Five (#54)*, pages 4, 14. Whether Defendant's statement to the internal revenue officer was false is a question of fact for the jury. *See United States v. Scholl*, 166 F.3d 964 (9th Cir. 1999).

## CONCLUSION

The Court therefore finds that the Superceding Indictment (#30) sufficiently alleges an offense under 26 U.S.C. §7602(1). Form 433-A is a statement contemplated by §7206(1) and therefore can be the basis of prosecution. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Count Five of the Superceding Indictment (#54) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of February, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge