# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>PAUL WOMMER, )<br>)<br>Defendant. )<br>) | Case No.: 2:10-cr-00596-GMN-GWF<br><br>**ORDER** |

Before the Court is Defendant's Motion for Reconsideration (ECF No. 103) of the Court's ruling made in open court on April 1, 2013 denying Defendant's Motion for Disclosure of Grand Jury Testimony and Proceedings, or in the Alternative, *In Camera* Inspection of Same by the Court (ECF No. 87). The Government filed its Response (#106) on April 11, 2013, and the Defendant filed a Reply (ECF No. 107) on April 15, 2013.

In his Motion for Reconsideration, the Defendant first argues that his initial motion for disclosure was timely filed. The Government's Reply appears to concede that the Defendant's Motion to Disclose was indeed timely in light of the Government's own late discovery disclosures. Nevertheless, the Court clearly stated at the April 1, 2013 hearing that it was ruling in the alternative, such that even if the pretrial motion was timely filed, it was still denied on the merits. Therefore, the Court need not further address the issue of timeliness.

The Defendant argues that testimony given before the Superseding Grand Jury should be disclosed by the Government so he may file a motion to dismiss challenging whether there was sufficient evidence provided to the Superseding Grand Jury to support either of the two new counts brought in the Superseding Indictment. (Count 4 -Tax Evasion and Count 5 - Making or Subscribing a False Statement or Document in violation of 18 U.S.C. § 2, 31 U.S.C. § 5328(a)(1)

1  and (a)(3), 26 U.S.C. § 7201 and 26 U.S.C. § 7206(1)).

2  However, the Jencks Act, which is codified at 18 U.S.C. § 3500 and Rule 26.2 of the
3  Federal Rules of Criminal Procedure, provides that statements of a government witness that are
4  in the government's possession and relate to the subject matter of the testimony of the witness
5  are only discoverable by defendant after that witness has testified on direct examination at trial.
6  18 U.S.C. § 3500(b). The Court may not compel the Government to produce Jencks Act material
7  before the witness has testified on direct examination at trial without any showing of
8  "particularized need." *U.S. v. Wong*, 78 F.3d 73, 83 (2d Cir. 1996) (holding that "motions for
9  such disclosure must be made fairly close to the time of the witness's testimony at trial").

10  In this case, the Government represents that on October 16, 2012, it produced the grand
11  jury testimony transcripts of the witnesses it intends to call consistent with its obligations under
12  the District of Nevada Local Rules of Court and this Court's Pretrial Order.  Nothing more is
13  required of the Government unless the Defendant meets his burden to demonstrate an
14  appropriate particularized compelling need that is sufficient to outweigh the policy of protecting
15  grand jury secrecy. *See* Fed. R. Crim. Pro. 6(e) and 26.2; *United States v. Procter & Gamble*
16  *Co.*, 356 U.S. 677, 682 (1958); *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985);
17  *United States v. Benjamin*, 852 F.2d 413, 423 (9th Cir. 1988).

18  The Defendant claims that he is not conducting a "fishing expedition" and argues that he
19  has provided the specific particularized need required for disclosure.  However, all Defendant
20  presents are a few rhetorical questions concerning counts four and five such as, "What is the
21  basis for determining the year/amount of the evasion that was given to the Superseding grand
22  jury?" and did any IRS employee testify that "they saw [the defendant] sign the [form IRS 433-
23  A]?", which is the form the Government alleges misstates the amount of money he had in his
24  bank accounts.  The Government counters that the Defendant simply desires to see all the
25  evidence and that any allegation of impropriety, such as that the Superseding Grand Jury did not

hear evidence of the year 2007 tax deficiency or that the defendant did not sign the IRS Form 433-A, is speculative at best. Moreover, the Government argues "[t]he Defendant has been provided discovery related to Counts Four and Five and has had the opportunity to file and litigate motions related to those counts." (ECF No. 106 at 5).

The Court agrees with the Government's recitation of the applicable law.  Furthermore, the Court notes that while the Government has not provided Defendant with all the evidence he desires, nor all the evidence the Government provided to the Superseding Grand Jury, he is not entitled to such. Furthermore, the Court finds no basis to reconsider its initial finding that the Defendant has been provided Jencks Act evidence in compliance with Rule 26.2.  For example, as to Count 4 for Tax Evasion, the Defendant claims in his Reply that it appears that no one testified before the Superseding Grand Jury "as to the tax due and owing and the year."  The Defendant fails to address why the IRS documentation provided by the Government in discovery is not self-evident or why the Defendant would require a disclosure as a prerequisite to filing a motion to dismiss this count.  Rather, without that explanation, the request amounts to a fishing expedition.

Then, as to Count 5 for False Statement, the Defendant speculates that the Government failed to provide the Superseding Grand Jury with the date Defendant signed the form. To illustrate this claim, the Defendant attaches to its Reply, the IRS Form 433-A which lacks a date next to defendant's signature. (ECF No. 107, Ex.1).  However, a closer inspection indicates that on at least two places on the form, the information provided is referenced as being accurate as of the same date ("as of 2/29/10"), and at a third location the reference is to a date in the near future ("til (Wed) 2/30/10.")  Furthermore, the Defendant concedes that the Government has advised counsel that the IRS employee who witnessed Defendant's signing is named Kim Clauson.  Thus, in light of the other information contained on the form itself and already made disclosures, Defendant has failed to provide the specific particularized need required for any

additional disclosure.  Defendant has failed to demonstrate why an exception to Rule 6(e) of the Federal Rules of Criminal Procedure should apply.

The Defendant additionally argues that the Government should disclose Superseding Grand Jury testimony because the Government may achieve a conviction at trial by hiding grand jury testimony/evidence at variance with the testimony to be provided at trial. Defendant argues this will prevent the defense from effectively cross-examining trial witnesses resulting in a denial of Defendant's right to due process.  As explained above, the Defendant's general unsupported allegations that the Superseding Grand Jury transcripts would assist in impeaching witnesses without demonstrating a particularized need constitutes an insufficient basis for granting disclosure prior to the witness testifying at trial. *Illinois v. Abbott & Assoc., Inc.*, 460 U.S. 557, 565–68 (1983); *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir., 1993); *In re Grand Jury Testimony*, 832 F.2d 60, 62-63 (5th Cir. 1993); *United States v. Washington*, 819 F.Supp. 358 (D. Vt. 1993); *In re Catfish Antitrust Litig.*, 164 F.R.D. 191, 195 (N.D. Miss. 1995).

Finally, Defendant claims in his Reply that his motion is not about whether the Government has complied with the Jencks Act. In fact, the defendant calls this the proverbial "red herring."  Defendant explains that his motion is rather "about the adequacy of the evidence, if any, that was before the Grand Jury on September 20, 2011."  However, Defendant's argument is unconvincing because Defendant filed a motion to disclose grand jury transcripts, cited to cases interpreting the Jencks Act, and failed to cite any other authority or basis justifying the requested disclosure.  Additionally, Defendant has not filed a motion to dismiss. Therefore, the Court finds his assertion unpersuasive.

Inasmuch as any of the undisclosed grand jury testimony may constitute evidence favorable to an accused pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963) or *Giglio v. U.S.*, 405 U.S. 150 (1972), the Government is required to comply with its duties and disclose that evidence.  The Court remains available to review any such evidence, as well as any Jencks Act

evidence, *in camera*, at any time should either party properly demonstrate the appropriate need. Accordingly, the Defendant's Motion is **DENIED without prejudice**.

**DATED** this 16th day of April, 2013.

_____
Gloria M. Navarro
United States District Judge