# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) </br> PAUL WOMMER, ) </br> ) </br> Defendant. ) </br> ) | Case No.: 2:10-cr-00596-GMN-GWF </br></br> **ORDER** |

Before the Court is Defendant's pretrial Motion to Dismiss (ECF No. 110) filed on April 16, 2013, the proverbial eve of trial and which claims that this motion was made necessary by this Court's denial of his earlier Motion for Disclosure of Grand Jury Testimony.  However, the issues raised in Defendant's two motions appear to be unrelated and the Defendant fails to provide any further explanation supporting his assertion.

The Defendant's motion merely claims a general list of violations without further analysis or explanation. The Court addresses each one in turn.

The grand jury testimony of Agent Rice appears to be inculpatory, not exculpatory and therefore does not implicate any Brady violation as claimed by the Defendant. *Hendricks v. Zenon*, 993 F.2d 664, 673 (9th Cir. 1993).

Additionally, the Government's disclosure of Agent Rice's testimony one week prior to trial is generous in light of the Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure which only require such testimony to be provided after the witness has testified at trial. *U.S. v. Riley*, 189 F.3d 802, 805 (9th Cir. 1999). Accordingly, the Defendant has failed to demonstrate a violation of either.

Finally, the Defendant's claim that Agent Rice's testimony to the grand jury was

misleading is belied by the transcript provided, wherein it is clear he was testifying as a summary witness about the Defendant's communications with "the IRS civil employee" not as a percipient witness. His representation to the grand jury that the IRS form was completed and signed on the date reflected on the form and completed by the IRS civil employee and signed by the Defendant is not misleading, especially in light of the fact that Agent Rice noted the information was separately verified by both the IRS employee and the Defendant. The Defendant's claim regarding insufficiency of the evidence is not persuasive.

For the reasons stated above, the Court finds no due process violation. The Defendant's Motion is without merit and therefore, **DENIED**.

Furthermore, the Court need not address the issue of sanctions requested by the Defendant as an alternative to the granting of his Motion to Dismiss because the Government has indicated that it does not intend to elicit the testimony regarding Form 433-A from Agent Rice at trial. Therefore, the issue is moot pending further developments at trial.

**DATED** this 17th day of April, 2013.

_____
Gloria M. Navarro
United States District Judge