UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> PAUL WOMMER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:10-cr-00596-GMN-GWF <br><br> **ORDER** |

Before the Court is Defendant Paul Wommer's Motion for Release Pending Appeal (ECF No. 147), the Government's Response (ECF No. 148), and the Defendant's Reply (ECF No. 150). Defendant Wommer was sentenced to forty-one (41) months imprisonment on August 22, 2013, and granted an opportunity to self-surrender by 12:00 p.m. noon on November 20, 2013. (ECF No. 136). The Defendant filed a Notice of Appeal on September 4, 2013, and now requests a stay of his sentence pending appeal pursuant to 18 U.S.C. 3143(b). (ECF No. 147).

## I.   FACTUAL BACKGROUND

Defendant Wommer chose not to file timely tax returns for the years 2007, 2008 and 2009, and only after being contacted by the IRS did Wommer file his returns. Wommer evaded his taxes despite the fact that he had significant financial resources to pay and was aware of his duty to pay. Then, he only paid the tax due on the delinquent returns after multiple contacts by the IRS; he refused to pay the interest and penalties. When his request for a waiver was denied, he falsely reported his financial condition on IRS Form 433-A, claiming a lack of assets. The very next day, June 30, 2010, he began hiding his money from the IRS by structuring withdrawals in the amount of $9,500 out of his personal and business bank accounts multiple times and then structuring the deposits of these funds into a different bank account opened by his secretary. The Defendant continued to access his funds via a debit card provided to him by

his secretary. The total amount Wommer structured was $138,700.

Defendant Wommer was originally charged on December 14, 2010, a Superseding Indictment was returned on September 20, 2011, and he was eventually convicted of all five counts[1] on April 19, 2013. During his bench trial, Wommer admitted he did not want his bank accounts levied explaining that he merely wanted the IRS to grant him a waiver and forgive the interest and penalties. He admitted he knew what illegal structuring was and had prosecuted several structuring cases when he was an Assistant United States Attorney. He admitted he intentionally withdrew his money in increments under $10,000, and instructed Lambelet to deposit his funds into her account in the same manner.

## II.     RELEASE PENDING APPEAL

Defendant Wommer was sentenced to forty-one (41) months imprisonment on August 22, 2013, and granted an opportunity to self-surrender by 12:00 p.m. noon on November 20, 2013. (ECF No. 136). The Defendant filed a Notice of Appeal on September 4, 2013, and now requests a stay of his sentence pending appeal pursuant to 18 U.S.C. 3143(b). (ECF No. 147). Subsection (b) provides as follows:

> **b) Release or Detention Pending Appeal by the Defendant.—**
> **(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> **(i)** reversal,

---

[1] Defendant was found guilty of three counts of Structuring a Financial Transaction in violation of 31 U.S.C. § 5324, one count of Tax Evasion in violation of 26 U.S.C. § 7201 and one count of Subscribing a False Statement in violation of 26 U.S.C. 7206.

    **(ii)** an order for a new trial,
    **(iii)** a sentence that does not include a term of imprisonment, or
    **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
   If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
   **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

  Accordingly, Congress enacted a presumption against post-conviction release such that "the burden of proof rests with the defendant." S. Rep. No. 225, 98th Cong., 2d Sess. 26-27, reprinted in 1984 U.S.C.C.A.N. 3182, 3209, 3210 (citations omitted); see *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986).

### III. LEGAL ANALYSIS

  The Defendant must demonstrate by clear and convincing evidence, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence" less than the expected duration of the appeal process.  While Defendant claims he raises several issues on appeal which "constitute substantial questions likely to be reversed on appeal" he only argues two issues in his motion. (ECF No. 147 at 11, ll. 3-4.)

  First, Defendant Wommer asserts that he should not have been convicted of Count Four, Tax Evasion, because the debt he owed to the Internal Revenue Service was merely $13,020.20 in "interest and penalties" and there was no longer a "tax" deficiency. (ECF No. 147 at 13, ll. 17-18).  However, he has not raised any new facts or presented any new additional argument.

The Court's previous rulings expressly reference 26 U.S.C. § 6665(a), 6671(a), and 6601(e) all of which specifically include "interest or penalties" within the meaning of "tax" as does Application Note 1 to U.S.S.G. §2T1.1. (ECF No. 58 and 66.)  Most notably, the Defendant has not referenced any new case law or other legal authority not previously provided to and considered by this Court which interprets these statutes to support his baseless argument. Next, Defendant Wommer asserts the same argument previously made and rejected at Sentencing – that the "Safe Harbor" provision of U.S.S.G. § 2S1.3[2] should have been applied reducing his base offense level to level six.  However, the guidelines specifically prohibit the reduction to level six he is requesting, when the funds were used to promote unlawful activity, as in this case, where the funds were structured to further his conduct:  to further his tax evasion, to prevent the IRS from discovering his false statement on the IRS Form 433-A, to avoid an IRS lien, and to hide the money from the IRS to avoid paying a deficiency.  Additionally, the guidelines specifically prohibit the reduction to level six when the structuring was committed as part of a pattern of unlawful activity involving more than $100,000 as in this case where the total amount Defendant Wommer structured was $138,700.

## IV. CONCLUSION

In conclusion, the Court finds the Defendant has failed to meet his burden as promulgated by Congress in 18 U.S.C. § 3143(b) to support his claim that he raises several issues on appeal which "constitute substantial questions likely to be reversed on appeal."  Accordingly, Defendant Paul Wommer's Motion for Release Pending Appeal (ECF No. 147) is **DENIED**.

**DATED** this 7th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[2] Defendant Wommer mistakenly refers to guideline 2S1.3 as 251.3 both in his Motion and his Reply. (ECF No. 147 at 16, l. 22 and 150 at 5, l. 13).